NO. 07-10-00088-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 5, 2010

_____

IN RE FRANK DWIGHT CARTER, RELATOR

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator, Frank Dwight Carter, has filed a Petition for Writ of Mandamus requesting this Court order respondent, "Jean Anne Stratton, clerk of the court,[1] to recognize the jurisdiction of the [S]eventh District Court of Appeals, and to issue an order that the 99th District Court of Lubbock County waived jurisdiction over the subject matter and the case with the motion to dismiss on July 12th, 1989 in case NO. 89-409,601, and after." We deny the petition.

_____

[1] We note that the Honorable Jean Anne Stratton is now serving in the position of Justice of the Peace, Precinct 4. The current District Clerk of Lubbock County is Barbara Sucsy. We will read Carter's petition as directed to the position of District Clerk rather than as against the named respondent.

Texas Rule of Appellate Procedure 52.3[2] identifies the requirements for a petition for writ of mandamus filed in this Court. Carter has failed to comply with these requirements. Rule 52.3(a) requires that a petition must include a complete list of all parties and the names and addresses of all counsel. Carter does not list the names of the parties against whom he seeks mandamus relief apart from their identification in the argument portion of his petition. Further, certain persons are named in the petition without any argument identifying why they were identified in the document. Rule 52.3(b) requires that the petition include a table of contents with references to the pages of the petition and an indication of the subject matter of each issue or point raised in the petition. Carter's petition includes no table of contents. Rule 52.3(c) requires that a petition include an index of authorities in which all authorities cited in the petition are arranged alphabetically and the page(s) upon which the authorities are cited is indicated. Carter's petition includes no index of authorities. Rule 52.3(d) requires a statement of the case that includes a statement of the nature of the underlying proceeding. Carter's petition does not contain a statement of the case, and does not identify the nature of the underlying proceeding.[3] Rule 52.3(f) requires the petition include a concise statement of all issues or points presented for relief. Carter's petition includes no such statement. Rule 52.3(g) requires the petition include a statement of

___

[2]Further citation of Texas Rules of Appellate Procedure will be by reference to "Rule __."

[3] Carter's petition appears to be a collateral attack on the jurisdiction of the 99th District Court in relation to a judgment entered in cause number 89-409,752 following the dismissal of a cause number 89-409,601. However, nothing in Carter's petition identifies the nature of the proceedings underlying this petition.

2

facts supported by citation to competent evidence included in the appendix or record. Carter's petition includes a section entitled "Facts upon which petitioner relies," but this section simply references documentary evidence that may be included in the appendix, but none of the documents included in the appendix are identified. Rule 52.3(h) requires a clear and concise argument for the contentions made, with appropriate citations to authorities. Other than one statutory citation relating to this Court's jurisdiction over original proceedings, Carter cites no legal authority. Rule 52.3(i) requires that the petition include a short conclusion that "clearly states the nature of the relief sought." After multiple readings of Carter's petition, the most that can be determined regarding the relief that Carter is seeking is that he wants this Court to issue an order that the 99th District Court did not have jurisdiction to enter judgment in cause number 89-409,752 after it granted dismissal in cause number 89-409,601. Carter wholly fails to provide any identification of any basis upon which this Court could conclude that the 99th District Court did not have jurisdiction to enter judgment in cause number 89-409,752. Finally, Rule 52.3(k)(1)(A) requires that the appendix to the petition include a certified or sworn copy of any order complained of, or other document showing the matter complained of. The documents included in Carter's appendix are neither certified nor sworn to, and do not include a copy of the judgment in cause number 89-409,752 or the order of dismissal in cause number 89-409,601. Each of these items are required in a petition for writ of mandamus and, as Carter has failed to include them in his petition, we may not grant the relief that he requests.

3

As Carter's petition for writ of mandamus does not comply with the requirements of Rule 52.3 and wholly fails to identify the relief sought, we deny the petition.

Mackey K. Hancock
Justice
